Chief Justice Robertson,
delivered the opinion of the Court.
During the pendency of a suit in the name of the Commonwealth, for the benefit of Valentine Cleany vs. Higgins and Ellis, Cleany made to Henry Lee a written assignment of the benefit of the action.
John Chambers, the attorney for Cleany, in the prosecution of the suit, wrote the assignment.
A judgment was obtained for Cleany, and the -amount of it was collected by Chambers, who paid to Lee all except $ 100, which he paid to Taylor, on an order from Cleany drawn subsequently to the assignment toLee.
The amount paid to Lee was as much as Cleany owed him, but he insisted on a right to the whole of the judgment, because the assignment was made to secure not only his own debt, but that of a friend for whom he was agent, but the amount of whose claim is not slated in the record.
This suit was instituted by Lee, in assumpsit, to recover from Chambers the residuary sum which he had paid to Taylor on Cleany’s order.
On the trial, the foregoing facts having been proved, the court instructed the jury that Lee could *507 not maintain the suit at law in his own name 5 and the jury accordingly found a verdict for Chambers.
Assignment of a those in «*. tíPn"‘ ”,otas' lá^fdoes not vest assignee right to sue in his own the rialTliubklo the action, Botifassignor anj8col/eot^ the money, may not ag-signee recover an implied°n aBSUinP,it?
To reverse the judgment.r.endered on this verdict,in favor of Chambers, Lee has prosecuted this appeal.
The assignment-to Lee gave him no legal right to. the proceeds of- the suit. His right was only equitable; and this is the reason, we presume, which influenced the circuit court to give the instruction which it did.
But it is not a necessary consequence of the equitable character of Lee’s right, that-he could not, under any circumstances, maintain a suit at law, in his own name, upon a contract express or implied, founded on the assignment as the consideration.
. . 1 he assignment o! a chose m action not assignable by law, does not vest in the assignee any legal to remedy in his own name, against, the person originally liable to the action. But if the assignor prosecute a suit and collect the money, may not the assignee recover it from him on an implied assumpsit? Or if there had been an express assumpsit either before or after the collection of the money, would not the consideration be sufficient, and might not the assignee maintain a suit, at law, upon the undertaking?
Suppose that the assignor’s agent or attorney, had accepted an order drawn on hifa in favor of the assignee by the assignor, might he not be responsible to the assignee, in assumpsit?
Or suppose that the agent, charged with the collection of the money, had, on a valid consideration, expressly assumed the payment to the assignee, without any other authority from the assignor than that implied by the assignment,, might he not be liable in assumpsit, to the assignee.?’ He certainly would be, if his undertaking were founded on such a consideration as to prevent a revocation of his authority by his constituent.
As an abstract proposition, therefore, it is not universally true, that Lee could not, in his own name, maintain assumpsit against Chambers. If Chambers be liable at all tp Lee, his liability is legal. And if any suit can be maintained against Chambers for Lee’s benefit, it must be in Lee’s name.
If the effect of an instruction to jury be such as the facts authorized, tbejudgment will not be disturbed because opinion of court was given in an improper form, or was founded on a misconception of law.
Assignment!)! benefit of suit by pl’tff does not bind pl’tffs lawyer, to pay proceeds of suit, when collected, to assignee: and should lawyer, even after notice of such assignment,, pay over proceeds ol the. suit to pl’tft' or his order, assi’ee. cannot maintain assump-sit therefor, against .aw-ver. But should law-proceeclsoi* suit, to such assignee, per-be liable to his client thy re-right to them.
*508 The law will not imply a promise by Chambers to Chatty, to pay the money to Lee. If he assumed to-pay it to Lee, the assumpsit was to Lee himself, and not to any other for his benefit.
If Chambers had paid the money to Cleany, surely he could not have maintained a suit in his own name-against Chambers, to compel him to pay its equivalent to Lee.
Chambers is either legally responsible to Lee on a promise express or implied; or he is not liable to any suit whatever, by any person for Lee’s use.
In the abstract, therefore, the circuit court erred; but it does not necessarily follow that, therefore, its judgment must be reversed. If the decision be right, it will not be reversed, merely because the reason assigned for it, is wrong. Nor, if the effect of the instruction be- such as the facts authorized, will the judgment be disturbed merely because the opinion of the court was given in an improper form, or was founded on a misconception of the law.
The effect of the instruction which was given, was a non suit. If in any other mode, it would have been proper for the court to give an instruction which would have inevitably resulted in a verdict for Chambers, the judgment in^his favor must stand.
Lee could not recover on an implied- assumpsit to him, by Chambers. Chambers had undertaken to prosecute the suit for Cleany. He was not a party to the contract between Lee and Cleany. That contract did not change or affect the relation between Chambers and Cleany. Chambers still remained the agent and the lawyer of Cleany, and was bound to him alone. If he had undertaken expressly to collect the money for Cleany, he was bound to pay it to him, unless he received from him sufficient authority to pay it to some other person. The contract between Lee and Cleany gave Chambers no authority from Cleany, to prosecute the suit for Lee’s benefit, or to pay to him its avails. He was not bound to notice that contract, and had no right, to withhold the money from Cleany. Cleany could have compelled him to pay the money to him, unless he had paid it to Lee; and then perhaps, he might not have been responsible to Cleany, as Lee had an equitable right to it.
*509 Suppose after the judgment was obtained, Cieany bad transferred it to Lee, and had drawn an order on Chambers for the amount of it, in favor of Lee, which order Chambers had not accepted, could Lee sue Chambers, in his own name and recover the money? Lee might have acquired control over the suit and over the judgment, if he had satisfied the court,during the pending of the suit, that it was to be prosecuted for his benefit. The court would then have taken care that Cieany should not interfere to Lee’s prejudice. And then, after the obtainment of the judgment, Lee. might, by a proper endorsement, or otherwise, have secured to himself the exclusive right to the money.
But he permitted the suit to be prosecuted, and the judgment to be obtained, and the money to be collected by Cleany’s lawyer, for Cleany’s benefit. The lawyer was bound by the record, and by his undertaking with his client; and was not bound to pay the amount of the judgment to Lee, or to any other person than Cieany. It was his duty to pay Taylor, in obedience to Cleany’s order. Under these circumstances, there can be no implied assumpsit, by Chambers, to Lee.
If then there was no evidence ofan express promise, Lee could not succeed in his suit, and cannot complain of the verdict.
There is no evidence whatever, of any contract between Lee and Chambers. It is not intimated that Lee was to pay Chambers any fee, or that Chambers was considered as Lee’s attorney; or that Lee even exercised any control over the suit, or the judgment, or had any agency in the management of either. It is not hinted that Lee gave to Chambers any authority to collect the money, or that Chambers collected it for him, and there is no suggestion that Cieany ever authorized Chambers to pay any money for him, to Lee.
There was nothing in the proof, therefore, from which a jury would have been allowed to infer either an express or an implied contract, by Chambers, to Lee. Arid as Chambers has paid up all the money in his hands; part to Lee, in full discharge of Lee’s *510 own demand on Cleany,and the remainder to Taylor, in pursuance of Cleany’s order, it would be clearly unjust to compel him to pay more, unless it had been plainly shewn that he violated his professional duty, or his positive contract, or the obligations of good faith to Lee.
Cntiende»}, for appellant; Brown, for appellee.
No privity between Chambers and Lee has been shewn, nor is there a fact on the record, from which it could be inferred that Lee ever had any just claim on Chambers, or has been unjustly treated by him.
As, therefore, Lee has thought proper to repose on his faith in Cleany’s fidelity, and took no step to entitle himself, legally, to the judgment, or to any claim on Chambers for the money which he, as Cleany’s lawyer, collected’for Cleany; and as Lee has received all that he had any equitable right to demand for himself, the verdict is right, and could not have been otherwise than it is.
Wherefore the judgment is affirmed.